UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-97 |
| | ) | Judge Curtis Collier |
| THOMAS FLOYD JEFFRESS | ) | |

**MEMORANDUM & ORDER**

Defendant Thomas Floyd Jeffress ("Defendant") was charged by a grand jury in the Eastern District of Tennessee, in a one count indictment, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Court File No. 1). On April 10, 2006, after Defendant under oath waived his right to a jury trial, the matter proceeded to trial (*See* Court File No. 39). At trial, the parties did not present any witnesses. Instead, they submitted a stipulation (Court File No. 39, Gov't Exh. 1), containing certain agreed upon facts which was signed by Defendant, his counsel, and the Government. Counsel for both parties then argued their position regarding Defendant's guilt based on the stipulated facts. Having reviewed the parties' stipulations, the arguments and pleadings of counsel, and the applicable law, the Court, pursuant to Fed. R. Crim. P. 23(c), now enters the following findings of fact and conclusions of law.

**FINDINGS OF FACT**[1]

1.  On or about January 9, 2004, Bradley County Tennessee Sheriff's Deputy Mark Sweitzer attempted to conduct a traffic stop on a vehicle being driven by Defendant for failing to stop at a stop sign and a red traffic light. Defendant led Deputy Sweitzer and other officers on a

---

[1] As the fact finder, the Court has adopted the parties' stipulation of facts.

1

high-speed chase, and stopped when his vehicle collided with another car in Hamilton County Tennessee.  Upon stopping, Defendant exited the vehicle with a loaded handgun in his right hand.  Defendant momentarily considered committing suicide with the firearm.  Defendant dropped the handgun, was ordered to the ground, and was taken into custody.

     2.   A mental competency evaluation of Defendant determined he was sane and well at the time of the offense– that is, he did not suffer from a mental disease or defect that interfered with his ability to appreciate the nature and quality or wrongfulness of his actions.

     3.   All of the above-described events occurred in the Eastern District of Tennessee.

     4.   The firearm in question, a Charter Arms .38 caliber revolver, was manufactured outside the state of Tennessee and had previously been shipped in interstate commerce.

     5.   Prior to the date of the offense charged in the Indictment, Defendant had been convicted of a felony offense, that is, a crime punishable by imprisonment for a term exceeding one year.

## **CONCLUSIONS OF LAW**

     1.   Count One of the Indictment charges "on or about January 9, 2004, in the Eastern District of Tennessee, the defendant, THOMAS FLOYD JEFFRESS, having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, namely, a Charter Arms .38 caliber revolver; in violation of Title 18, United States Code, Section 922(g)(1)."

     2.   Title 18, United States Code, Section 922(g)(1) provides:

(g) It shall be unlawful for any person--

(1) who as been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3. To sustain its burden of proof for the crime of being a felon in possession of a firearm, the Government must prove the following three elements beyond a reasonable doubt: (1) Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) Defendant knowingly possessed the firearm specified in the indictment; and (3) the possession was in or affecting interstate commerce. *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003); 18 U.S.C. § 922(g)(1).

4. The parties stipulated at trial the first and third elements have been satisfied (Court File No. 40, p. 2). Therefore, the Court will focus only on the second element.

**"Knowingly" Possessing a Firearm Under Section 922(g)**

5. Defendant held a loaded handgun in his right hand. This constitutes actual possession of a firearm. *United States v. Frederick*, 406 F.3d 754, 765 (6th Cir. 2005) (defining "actual possession" as "direct physical control over a thing at a given time").[2]

6. The parties agree knowingly means "voluntarily and intentionally, and not because of mistake or accident." *United States v. Odom*, 13 F.3d 949, 961 (6th Cir. 1994). However, the parties disagree whether Defendant knowingly possessed the firearm in question because he possessed the gun to commit suicide. The Court is unaware of any cases holding a felon who possesses a gun to commit suicide lacks the necessary *mens rea* under § 922(g), and Defendant has not provided the Court with any such case. On the contrary, there are cases where a felon who possessed a gun in

---

[2] Defendant admits he possessed the firearm described in the Indictment (Court File No. 40, p. 3).

3

order to commit suicide was convicted of violating § 922(g). *See, e.g., United States v. Woodward*, 2005 WL 3409571, at *1 (December 14, 2005) (7th Cir. 2005) (unpublished); *United States v. Horsman*, 114 F.3d 822, 828-29 (8th Cir. 1997); *United States v. Rogers*, 41 F.3d 25, 29 (1st Cir. 1994).

7. After taking into consideration Defendant possessed a gun to commit suicide but did not suffer from any mental disease or defect at the time he picked up the gun, the Court concludes as a matter of law, Defendant knowingly possessed the firearm specified in the Indictment. Since Defendant wanted to commit suicide, it would have been obvious to him when he grabbed the gun he was in possession of a gun. There simply is no indication Defendant thought he was picking up some other deadly object or his actions were inadvertent or involuntary. Since his actions were voluntary, intentional, and not because of mistake or accident, the Court concludes Defendant knowingly possessed the firearm specified in the Indictment.

8. While a defense of necessity may be available when a Defendant takes the gun away from another to prevent them from committing suicide, *United States v. Perez*, 86 F.3d 735, 737 (7th Cir. 1996), such facts are not present here. Defendant possessed a gun to inflict harm upon himself.

9. As discussed above, the parties stipulated to all of the facts and agree the interstate nexus element is satisfied, the prior felony element is satisfied, and Defendant was in possession of the firearm described in the Indictment. Since the Court concludes Defendant's possession was knowing, it finds by a proof beyond a reasonable doubt Defendant is **GUILTY** of being a felon in possession of a firearm as charged in Count One of the Indictment.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**